OPINION
Defendant-appellant Jerry Lee Bittner appeals from his classification as a sexual predator. Bittner contends that the finding that he was a sexual predator is not supported by clear and convincing evidence in the record. We conclude that the trial court was entitled to accept Bittner's admission, on the record, in open court, with the assistance of counsel, that he was a sexual predator. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1989, Bittner was charged by indictment with three counts of Kidnapping, three counts of Aggravated Robbery, three counts of Rape, five counts of Having a Weapon Under Disability, one count of Attempted Kidnapping, and one count of Carrying a Concealed Weapon. Bittner pled guilty to three counts of Rape, with two prior aggravated felony specifications and one firearm specification, and one count of Attempted Kidnapping. Bittner was sentenced appropriately.
On October 24, 2000, the trial court held a sexual offender classification hearing. Following that hearing, Bittner was found to be a sexual predator. Bittner appeals from his classification as a sexual predator.
 II
Bittner's sole assignment of error is as follows:
 THE TRIAL COURT ERRED BY FINDING APPELLANT WAS A SEXUAL PREDATOR, WHICH SAID FINDING WAS NOT BASED UPON CLEAR CONVINCING EVIDENCE.
Bittner argues that the record of the sexual offender classification hearing is too sparse to permit a finding, by clear and convincing evidence, that he is a sexual predator. The State argues that there is sufficient evidence in the record to support the trial court's finding.
The entire transcript of the sexual offender classification hearing is as follows:
 MR. IMPERATO [representing the State]: Case No. 89- CR-1310, State of Ohio versus Jerry Lee Bittner. Mr. Fierst, attorney.
 Again, the State would move to have State's Exhibit 1 entered into evidence. I believe the defense would stipulate to this report, also. State's Exhibit 1 is a House Bill 180 Screening Instrument, the arrest report from 1989, the forensic evaluation report from 1989, and Termination Entry, Your Honor.
 Your Honor, this defendant, based on the House Bill 180 Screening Instrument, should be designated a sexual predator.
If you look at his record —
 THE COURT: Excuse me. Before we go into that, could we have the stipulation with regard to the packet?
 MR. FIERST [representing Bittner]: Your Honor, I don't know if you want to short circuit this. Mr. Bittner is basically agreeing that he would accept the sexual predator designation. I don't know if that would short circuit the prosecution.
MR. IMPERATO: I will sit down.
THE COURT: Is that correct Mr. Bittner?
DEFENDANT BITTNER: Yes.
 THE COURT: Then we will admit State's Exhibit 1 and ask that you please rise.
Anything you would like to say, sir?
DEFENDANT BITTNER: No.
 THE COURT: Mr. Bittner, the Court finds that you, having been convicted of or pled guilty to a sexually oriented offense, finds that you are a sexual predator. You are required to register in person with the sheriff of the county in which you establish residency within seven days of coming into that county. After the date of initial registration, you are required to fulfill these requirements for your lifetime, with residence address verification every 90 days after the initial registration. Failure to register, failure to verify residence address at the specified times or failure to provide notice of the change in residence address as described above will result in criminal prosecution.
You have the right to appeal this designation.
 The Court is signing the official designation. I'll ask the bailiff to pass this to Mr. Bittner and Mr. Fierst to sign.
Thank you, Mr. Bittner. Good luck to you.
Besides constituting a judicial admission, Bittner's acknowledgment that he's a sexual predator — in other words, that he is "likely to engage in the future in one or more sexually oriented offenses," within the definition contained in R.C. 2950.01(E) — would seem to be the best evidence that the State could present to the court to that effect. Given the defendant's admission that he is a sexual predator, the trial court was not required to take any additional evidence on the issue.
Bittner's sole assignment of error is overruled.
 III
Bittner's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ________ FAIN, J.
GRADY and YOUNG, JJ., concur.